### REANEY v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

NEGLIGENCE—INSTRUCTIONS—BURDEN OF PROOF.

    It is reversible error for a court to refuse to charge "that the burden of proving that the defendant was negligent in either or any particular is upon the plaintiff."

Appeal from trial term, Kings county.

Action by Patrick Reaney against the Standard Oil Company of New York for personal injuries. From a judgment of $3,500 damages and $129.27 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles H. Knox, for appellant.

Rufus O. Catlin, for respondent.

BROWN, P. J.   This action was brought to recover for personal injuries alleged to have been caused by the negligence of the defendant.   Prior to the judge's charge the defendant's counsel handed to the court a paper upon which there were written 22 requests to charge.   At the close of the charge the following colloquy took place between the court and counsel:

"The Court: I think I have covered all the grounds in these requests of yours, Mr. Knox; and there are certain portions which I decline to charge, and do not read to the jury. Mr. Knox: I would like your honor to charge them specifically. The Court: I have made a refusal to charge in several instances, and you can take your exception to the refusal. Mr. Knox: Those that your honor does charge, will your honor state them to the jury? The Court: I have stated them in my general charge. I think that is covered, not in the language in which you gave them, because I do not imagine that all the points are involved in this case, and they are more confusing than otherwise. Mr. Knox: I would like to ask your honor to charge them as stated in requests to charge. The Court: I will decline to state them, except as I have already charged. It is thus more easily understood by the jury, and for that reason I decline it. Mr. Knox: I, then, with your honor's permission, except to your honor's not charging the specific request to charge which I make."

Among the requests handed to the judge was the following: "Twelfth. That the burden of proving that the defendant was negligent in either or any particular is upon the plaintiff." Under this request the court had written, "Charged as in the general charge," and the case shows that the defendant excepted to the failure of the court to specifically charge as requested.   There is not in the general charge of the learned judge any reference to the question of the burden of proof, and nowhere does it appear that the jury were instructed that the burden of proving that the defendant was negligent was upon the plaintiff.   We think the defendant was entitled to the instruction asked for, and that the refusal to charge as requested was error, for which the judgment must be reversed, and a new trial granted, with costs to abide the event.   All concur.